Filed 10/8/20  P. v. Thomas CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROSS O'NEAL THOMAS,<br><br>    Defendant and Appellant. | F079183<br><br>(Super. Ct. Nos. 19CMS0115, 13CM2607HTA, 15CM9005)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kings County.  Robert S. Burns, Judge.

Kaiya R. Pirolo, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Poochigian, Acting P.J., Peña, J. and Meehan, J.

Appointed counsel for appellant, Ross O'Neal Thomas, asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436; *In re Kevin S.* (2003) 113 Cal.App.4th 97.) Counsel filed an opening brief that sets forth the facts of the case, which covers three related proceedings. Appellant was advised of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from appellant. Finding no arguable error that would result in a disposition more favorable to appellant, we affirm the judgment.

Following is a brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

In 2013, appellant was charged in case No. 13CM2607HTA with two felonies, unlawfully cultivating marijuana (Health & Saf. Code, § 11358) and possession of marijuana for the purposes of sale (Health & Saf. Code, § 11359). Each count included allegations appellant had suffered a previous serious felony strike pursuant to former Penal Code section 667. Appellant filed early, pretrial challenges to the strike allegations under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, which were denied without prejudice. In 2015, appellant pleaded no contest to one count of possession of marijuana for the purposes of sale. (Health & Saf. Code, § 11359.) The second count and strike allegations were dropped. Appellant was placed on probation for five years, with one of the conditions being that appellant obey all laws.

Also in 2015, appellant was charged in case No. 15CM9005, with two misdemeanor counts of driving under the influence, with an additional allegation his blood-alcohol content was 0.15 percent or higher. Appellant pleaded no contest to the second count in 2016 and was placed on a three-year probation term, again with a provision he obey all laws.

Finally, in 2019, appellant was charged in case No. 19CM0115 with one count of possessing ammunition in violation of Penal Code section 30305, subdivision (a)(1), with

the additional allegation appellant had suffered two previous serious felony strikes under Penal Code section 667, and one count of resisting a peace officer. (Pen. Code, § 148, subd. (a)(1).) According to testimony in appellant's joint preliminary hearing and contested probation violation hearings, in January 2019, probation officers went to appellant's address planning to arrest him for failing to complete certain aspects of his felony probation. When they arrived, they saw appellant stick his head outside the door before returning inside the home and closing the door. Officers announced themselves and knocked, but no one answered. Officers later announced they would breach the door. At that time, one Ashley Rice opened the door. The officers subsequently searched the home and found ammunition within the house. Despite being seen earlier, appellant was not located during the search. When asked during the search, Rice disclaimed knowledge of the ammunition.

Appellant called Rice to testify on his behalf at the joint hearings. Prior to her testimony, the court appointed her counsel based on the risk she would incriminate herself with her testimony. When called to testify, Rice invoked her right against self-incrimination. Appellant later argued the prosecution had not demonstrated he resided at the property or that he had knowledge of the ammunition. The court concluded sufficient evidence was presented to support the charges and concluded appellant had violated his probation in both case Nos. 13CM2607HTA and 15CM9005.

Appellant subsequently pleaded no contest to the possession of ammunition charge and one prior strike allegation in exchange for dismissing the resisting an officer charge and one of the prior strike allegations. He also received an agreed-upon sentence of the low term of 16 months, doubled based on appellant's prior conviction. Appellant's probation violation under case No. 13CM2607HTA resulted in a 16-month term, to be served concurrent to the sentence in case No. 19CM0115.

Appellant filed a timely notice of appeal, which this court construed as an appeal of all three related cases.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## **DISPOSITION**

The judgment is affirmed.